UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

CHRIS HOLLY,

      Plaintiff,

v.     07-CV-3196

DR. WILLIAMS et al.,

      Defendants.

### Case Management Order

Before the court is the plaintiff's second motion for appointment of counsel. In considering Plaintiff's motion for appointment of counsel, the Court asks: "(1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?" *Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007), *citing Farmer v. Haas*, 990 F.2d 319, 322 (7th Cir.1993).

Plaintiff already demonstrated in his prior motion for counsel that he has not been able to obtain an attorney on his own. (d/e 16). Thus, the Court next considers whether Plaintiff appears competent to litigate without counsel, in light of the difficulty of the case:

> The inquiries are necessarily intertwined; the difficulty of the case is considered against the plaintiff's litigation capabilities, and those capabilities are examined in light of the challenges specific to the case at hand. The question is not whether a lawyer would present the case more effectively than the pro se plaintiff; "if that were the test, 'district judges would be required to request counsel for every indigent litigant.' "

*Pruitt*, 503 F.3d at 655 (quoted and other cites omitted). A plaintiff's "literacy, communication skills, educational level, and litigation experience" are relevant factors in assessing competency, though there are no "fixed requirements." Id. 503 F.3d at 655.

The plaintiff's submissions demonstrate that he is highly literate with communication skills vastly exceeding those of most *pro se* plaintiffs this court sees. Additionally, the plaintiff has extensive experience litigating in federal court as a review of PACER demonstrates. Further, the plaintiff is no longer incarcerated which makes him much more able to pursue this case on his own. The claims involve medical treatment, but proving the plaintiff's claims is not complex. The plaintiff's medical records, which would have been obtainable in discovery,

should contain the alleged orders recommending certain surgeries and treatment the plaintiff claims he needed.

IT IS THEREFORE ORDERED:

1) Plaintiff's motion for appointment of counsel is denied (d/e 47).

2) The defendants' motion for an extension of time to file witness/exhibit lists and a proposed final pretrial order is granted (d/e 60).

3) By November 7, 2008, the plaintiff is directed to respond to the motion to dismiss (d/e 55) this case on the grounds that the plaintiff's allegation of poverty in his petition to proceed *in forma pauperis* was untrue.  In particular, the plaintiff is directed to demonstrate that the allegations he made in his petition to proceed *in forma pauperis* filed July 19, 2007, were true.  Failure to do so will result in dismissal of this case under 28 U.S.C. § 1915(e)(2)(A).

4) Defendant Williams' motion to join in the motion to dismiss is granted (d/e 56).


Entered this 27th  Day of October, 2008.

                                                  **s\Harold A. Baker**

                                                  HAROLD A. BAKER
                                        UNITED STATES DISTRICT JUDGE