UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

CHRIS HOLLY,

      Plaintiff,

v.                                          07-CV-3196

DR. WILLIAMS et al.,

      Defendants.

## Case Management Order

      On October 10, 2008, Defendants filed a motion to dismiss with prejudice on the grounds that the plaintiff's averments in his petition to proceed *in forma pauperis* were false, his allegation of poverty untrue. The motion demonstrates that the plaintiff's allegations of poverty were false. Specifically, the motion demonstrates that when the plaintiff filed his petition for leave to proceed *in forma pauperis* in this case, he was receiving about $1,500.00 per month in income and had no expenses because he was living with his mother. In *Holly v. Delaney*, 07-cv-583 (S.D. Ill.)(PACER), the plaintiff filed a motion for leave to appeal in forma pauperis on September 28, 2007, reporting $1,534.00 in average monthly income for the past 12 months, and no expenses other than his business expenses (subscription to West Law Book and broadband internet connection). Yet in his petition to proceed *in forma pauperis* in this case, he averred that he had only about $100, received no other income, and was unable to pay the filing fee because of his poverty.

      The Court directed the plaintiff to respond to the motion to dismiss or suffer dismissal of this case under 28 U.S.C. § 1915(e)(2)(A). Specifically, the court directed the plaintiff to "demonstrate that the allegations he made in his petition to proceed in forma pauperis filed July 19, 2007, were true." (10/27/08 Order).

      The plaintiff has responded but he has not addressed the veracity of his averments. Instead, the plaintiff argues that the motion to dismiss is untimely because the time for "dispositive motions" has passed. The dispositive motion deadline applies to motions for summary judgment and motions to dismiss filed at the close of discovery, not to every motion that might dispose of the case. In any event, the motion to dismiss based on false averments of poverty is timely, given that 28 U.S.C. § 1915(e)(2)(A) requires the court to dismiss the case "at any time" the court determines the allegation of poverty is untrue.

      The plaintiff also argues that Defendants have failed to prove that he was not poor on the date that he filed his petition to proceed in forma pauperis in this case, because his petition to

appeal in forma pauperis in his other case was filed two months later. Yet his petition to appeal in forma pauperis states $1500/month income for the past twelve months, which would include July, 2007, when he filed his petition in this case. The plaintiff has made no attempt to address this obvious conclusion.

"This privilege to proceed without posting security for costs and fees is reserved to the many truly impoverished litigants who, within the District Court's sound discretion, would remain without legal remedy if such privilege were not afforded to them." *Brewster v. North Am. Van Lines, Inc.,* 461 F.2d 649 (7th Cir. 1972); *see also In re City of Chicago*, 500 F.3d 582 (7th Cir. 2007)(affirming dismissal for false affidavit to proceed in forma pauperis); *Mathis v. New York Life Ins. Co.*, 133 F.3d 546 (7th Cir. 1998)(upholding district court's dismissal of case with prejudice for deceiving court by failing to list equity in home). The plaintiff was not impoverished when he filed this case. He could have easily paid the filing fee. More importantly, his averments to this court that he had no source of income were false, knowingly so, given his dance around the issue in his response and the statements in his petition for leave to appeal in forma pauperis in his Southern District case. If his petition had been truthful in this case, this court would not have granted it, and the plaintiff would have had to pay the filing fee and costs of service (which included personal service by the U.S. Marshals on Dr. Fatoki), like any other litigant. The plaintiff's deception allowed him to wrongfully shift his costs to the court.

The court believes that dismissing this case with prejudice is the most appropriate sanction in this particular case. Simply revoking the plaintiff's in forma pauperis status is no real sanction. There is nothing to lose in filing a false petition if the only punishment is assessment of the filing fee. Similarly, dismissal without prejudice (assuming arguendo that the statute of limitations would not bar refiling) is also insufficient to deter future deception and would be unfair to the defendants who have expended significant time and expense in this case.

IT IS THEREFORE ORDERED that Defendants' motion is granted (d/e 55). This case is dismissed with prejudice under 28 U.S.C. § 1915(e)(2)(A). All other pending motions are denied as moot (d/e's 50, 52, 66). This case is closed.

Entered this 14th Day of November, 2008.

s\Harold A. Baker

HAROLD A. BAKER
UNITED STATES DISTRICT JUDGE